## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

OPERATING ENGINEERS LOCAL 324
HEALTH CARE PLAN, et al.,

       Plaintiffs,

v.                                   Case No. 10-14911

K&S PILING COMPANY, et al.,

       Defendants.
_____/

### ORDER DENYING PLAINTIFFS' MOTION FOR ALTERNATIVE SERVICE

On December 27, 2010, Plaintiffs filed an ex parte motion for alternative service of Defendants.  Plaintiffs filed their complaint and a summons was issued on December 10, 2010.  Service was attempted at two locations that are both the registered offices of the two Defendant corporations and the residences of the three Defendant individuals, but Plaintiffs have been unable to serve Defendants.  In support of the instant motion, Plaintiffs offer two affidavits of John R. Centurione, Jr., both dated December 22, 2010. Centurione attests that he attempted service at each location on December 16, 18, and 21, 2010.  Service was attempted in the morning on the first two days, but inexplicably at 6:30 p.m. at both locations on December 21, 2010.  Centurione states upon belief that Defendants were present at each location during at least one attempt, but no one would answer the door at either location.  Based upon these affidavits, Plaintiffs move for an order permitting alternative service upon Defendants.

Service of a complaint filed in a federal court is proper by any method permitted for serving a complaint by the state in which the federal court sits.  Fed. R. Civ. P. 4(e). Under Michigan law, "the court may by order permit service of process to be made in

any other manner reasonably calculated to give the defendant actual notice of the proceedings and an opportunity to be heard." Mich. Ct. R. 2.105(I)(1). Such alternative service may only be ordered upon "a showing that service of process cannot reasonably be made as provided" otherwise. Mich. Ct. R. 2.105(I)(1). To justify alternative service, the court expects narrative affidavits detailing the process server's efforts, including sufficient relevant facts to support a conclusion of evasion of service. Centurione's affidavit with respect to service at 10024 Allen Road (Mot. Ex. 2) fails to provide any information on evasion, save a conclusory statement that he could see people in the front window. Although Centurione's affidavit with respect to service at 9156 Groh Road (Mot. Ex. 3)[1] provides a narrative account with details of a woman and young girl sitting at a table as he knocked on the door and of an exchange with a police officer at the location, this affidavit is also flawed. It states that the alleged evasion occurred at the same time Centurione claims to have been at the 10024 Allen Road address. Lacking in essential details and internally inconsistent, the affidavits presented by Plaintiffs are unpersuasive. Additionally, Plaintiffs would need to show why three attempts to serve each Defendant, all occurring within one week, should be taken to establish the necessity of alternative service. Accordingly,

---

[1] The significance of the Groh Road address is unclear. It is neither the mailing address of the registered agent nor the address of the registered office. In the process server's affidavit there is an indication that a local police officer may have "verified that the defendant did live here . . . ." There is no other information, e.g., from the Postal Service or from real estate ownership records, to tie the Groh Road address with any defendant.

IT IS ORDERED that Plaintiffs' motion for alternative service [Dkt. # 3] is

DENIED WITHOUT PREJUDICE.  Plaintiffs may again move for alternative service at

any time prior to the expiration of the summons.

s/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated:  January 4, 2011

I hereby certify that a copy of the foregoing document was mailed to counsel of record
on this date, January 4, 2011, by electronic and/or ordinary mail.

s/Lisa Wagner
Case Manager and Deputy Clerk
(313) 234-5522

S:\Cleland\JUDGE'S DESK\C1 ORDERS\10-14911.OPERATING.ENGINEERS.324.Deny.Alternative.Service.nkt.wpd